[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109)
The sole issue raised by the defendant's motion for summary judgment (#109) is whether the City of West Haven is entitled to immunity under the "Recreational Use Statute," General Statutes § 52-557f et seq., where the plaintiff argues that the City charged parking fees at Bradley Point Park.
Parking fees may be considered an "admission price or fee asked in return for invitation or permission to go upon land"; General Statutes 52-557f(1); if the parking fee is a guise to charge admission fees. See, e.g. Wiersch v. State, Superior Court, judicial district of New London at New London, Docket No. 526866 (March 8, 1995, Hurley, J.); Mazzucco v. Town ofFairfield, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262283 (July 23, 1993, Lager, J.).
The affidavit of Barbara Barry, Director of Parks for the City of West Haven, indicates that "Bradley Point Park is open to the public for recreational use, without fee." (Affidavit in Support, ¶ 3.) The plaintiff's counteraffidavit does not CT Page 1331-DD refute the fact that no admission fee is charged for admission to the park, but attests that parking fees were charged during the time of his bicycle accident. (Affidavit in Opposition, ¶¶ 1, 3, 4.)
Here, the court finds that no genuine issue of material fact exists to show that the City of West Haven was charging an "admission price or fee." The parking fees charged are an operational or maintenance charge. See Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 171, 508 A.2d 58 (1986) (fee charged to boat owners who docked their boats). There are no peculiar facts attested to in the counteraffidavit which refute the fact that there was no "fee" charged. Furthermore, the plaintiff does not attest that he paid a parking fee. See id., 170-71.
For the reasons set forth above, the motion for summary judgment is granted.
SKOLNICK, J.